IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA DUCES TECUM TO VERIZON WIRELESS | Case: 1:19-mc-00099<br>Assigned To : Jackson, Ketanji Brown<br>Assign. Date : 6/6/2019<br>Description: MISC |

## MISTINETTE MINTS' MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER FOR PERSONAL PHONE AND TEXT RECORDS

Mistinette Mints ("Mints" or "Petitioner"), by her undersigned counsel, moves pursuant to Fed. R. Civ. P. 45(d)(3) for an order quashing a subpoena dated May 13, 2019 seeking her personal phone and text records (the "Subpoena"), and moves pursuant to Fed. R. Civ. P. 26(c) for a protective order protecting her records, or alternatively for the subject subpoena to be modified pursuant to Fed. R. Civ. P. 45(d)(3).[1] In support hereof, Mints states as follows:

### Background

1. Verizon Wireless was served with the Subpoena that is the subject of the Motion in connection with a civil action currently pending in the United States District Court for the District of Maryland, captioned: *Hispanic National Law Enforcement Association NCR, et al., v. Prince George's County Maryland, et al.*, (Civil Action No. 8:18-cv-03821 TDC) (the "Underlying Action"). Plaintiffs in the Underlying Action (fifteen current and former Prince George's County police officers, and two organizations purporting to represent Prince George's County police officers) served the Subpoena. Defendants in the Underlying Action are Prince George's County and several individual police officers.

---

[1] A copy of the Subpoena is attached as **Exhibit 1** hereto and redacted for privacy concerns.

RECEIVED
JUN 0 6 2019
Clerk, U.S. District and Bankruptcy Courts

2. The Underlying Action is an employment discrimination matter in which the Plaintiffs (Respondents in this proceeding) have asserted claims for racial discrimination and retaliation under the First and Fourteenth Amendments to the U.S. Constitution and Title VII of the Civil Rights Act of 1964.

3. Mints is *not* a party to the Underlying Action. She is a sworn police officer holding the rank of Major in the Prince George's County Police Department. Verizon Wireless is also *not* a party to the Underlying Action.

4. The Subpoena served on Verizon Wireless seeks the phone and text records associated with eleven (11) telephone numbers, including Mints' number.[2] The Subpoena seeks all "records relating to the phone numbers," including the "*time, date, duration, and destination/origin phone number for all incoming/outgoing calls*, and the time, date destination/origin phone number, and *content for all text messages*," from January 1, 2016, to the present. (**Ex. 1**; emphasis added.) The (XXX) XXX-5058 number is Mints' personal phone number associated with a cell phone that she personally owns and pays for. It is not her work phone number associated with a police department-issued device, which she also has.

5. Mints is only mentioned in the Amended Complaint once. See ECF 54, Am. Compl. at ¶ 192.[3] Specifically, the Amended Complaint alleges that more than two years ago, *in March 2017*, Plaintiff Chris Smith was transferred out of his Special Assignments Team position to the Patrol Bureau. See ECF 54, Am. Compl. at ¶¶ 189-192. Plaintiff Smith allegedly attempted

---

[2] Mints received notice of the Subpoena on May 31, 2019, after Verizon Wireless sent a letter to Mints' mother's residence. A copy of the letter is attached as **Exhibit 2** and is redacted for privacy concerns.

[3] ECF citations refer to the docket in the Underlying Action.

1

to meet with his supervisors at that time, Mints and Thomas Calmon, about the transfer. Id. at ¶ 192.

6. There are no allegations in the Amended Complaint that Plaintiff Chris Smith attempted to contact Mints on the phone number that is the subject of the Subpoena.

7. As addressed below, the Subpoena's request for *all* of Mints' personal phone and text records since 2016 should be quashed, or in the alternative, a Protective Order issued, or the Subpoena's scope modified. The Subpoena seeks entirely irrelevant information for a three-and-a-half-year period of time, is not proportional to the needs of the case, and is overboard. Moreover, Petitioner asserts it was issued for the improper purpose of harassing and invading Mints' privacy.

### Applicable Law[4]

8. Fed. R. Civ. Pro. 45(d)(3)(A) requires a court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter," or "subjects a person to undue burden." Further, because the scope of discovery under a subpoena is the same as the scope of discovery under Fed. R. Civ. Pro. 26, a subpoena may also be quashed for failing to comply with Rule 26. See Coleman v. District of Columbia, 275 F.R.D. 33, 36–37 (D.D.C. 2011) ("[I]t is settled that a subpoena is limited in scope by Rule 26(b)(1) of the Federal Rules of Civil Procedure"); Cook v. Howard, No. 11–1601, 2012 WL 3634451, at *6 (4th Cir. Aug. 24, 2012) (per curiam) ("Although Rule 45(c) sets forth additional grounds on which a subpoena against a third party may be quashed[,] ... those factors are co-extensive with the general rules governing all discovery that are set forth in Rule 26.").

9. In addition to moving to quash, a person served with a subpoena may move for a

---

[4] Unless stated otherwise, internal citations and quotations are omitted.

protective order under Fed. R. Civ. Pro. 26(c), and "under Rule 26(c), a court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense upon a showing of good cause." W. Bay One, Inc. v. Does 1-1,653, 270 F.R.D. 13, 14 (D.D.C. 2010). Whether a discovery request is oppressive or imposes an undue burden is determined by balancing the party's need for the discovery against the potential hardship to the subject of the subpoena. Id. In determining whether there is an "undue burden," a court examines "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." Id.

### Argument

I. **The Subpoena is Overbroad and Seeks Irrelevant Information.**

10. The Subpoena should be quashed because it is immensely overbroad and not reasonably calculated or limited to obtain potentially relevant information. The Subpoena is nothing short of a fishing expedition intended to harass and annoy Mints, a non-party, through the invasion of her privacy through her personal phone and texting records.

11. "A subpoena imposes an undue burden on a party when a subpoena is overbroad." In re Subpoena Duces Tecum to AOL, LLC, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008). A subpoena is overbroad if it is not reasonably limited or tailored to the pleaded claims or defenses. Sirpal v. Fengrong Wang, No. CIV. WDQ-12-0365, 2012 WL 2880565, at *5 (D. Md. July 12, 2012). "For example, a request for 'all copies of e-mails sent or received by anyone with no limitation as to time or scope' is usually overbroad." Id.

12. Here, Respondents' request for the records of *all* of Mints' incoming and outgoing telephone calls to *all* people, and the contents of *all* of her text messages to *all* people, for a period

covering more than three years (since January 1, 2016), is grossly overbroad, because among other things, "it does not limit the [requested phone or text records] requested to [those containing] subject matter relevant" to the underlying action. In re Subpoena Duces Tecum to AOL, 550 F. Supp. 2d at 612 (quashing subpoena for being overbroad). There is no subject-matter limitation at all contained in the Subpoena. For example, there is no limitation tailored to the lone allegation in the Amended Complaint involving Mints, nor even a limitation for calls and texts to and from Chris Smith's phone number(s), if any exist. See Arndt v. Ford Motor Co., No. 2:15-CV-11108, 2016 WL 1161444, at *4 (E.D. Mich. Mar. 24, 2016) (quashing phone records request to Verizon Wireless for "all" phone numbers and text messages as overbroad and "not proportional to the needs of [that] case"; future subpoena could only seek text messages exchanged between Plaintiff and his supervisor for a limited time period).

13. Mentioning Mints' name *once* in an 80-page pleading, in relation to an alleged occurrence in March 2017, simply does not merit the production of three-and-a-half years of her personal phone and texting records.

14. Additionally, to the extent Respondents are seeking Mints' phone or text records with Plaintiff Chris Smith (if any exist), such records can be obtained from Respondent Chris Smith himself. There is no need to invade Mints' privacy. See Fed. R. Civ. P. 26(b)(2)(C) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules ... if it determines that the discovery sought ... can be obtained from some other source that is more convenient, less burdensome, or less expensive...."); see also Sirpal, 2012 WL 2880565 at *6 (quashing subpoena for phone records because no "substantial need" for dismissed party's phone records where Sirpal's phone records were sufficient for remaining claims); HDSherer LLC v. Nat. Molecular Testing Corp., 292 F.R.D. 305, 308 (D.S.C. 2013) (quashing

subpoena for documents from non-parties where same information was in Defendant's possession).

15. Respondents' request for more than three years' of records of "all incoming/outgoing calls" and "the content for all text messages," without any subject-matter limitation tying the request to the claims and defenses in the Underlying Action, is facially demonstrative of an intent to annoy and harass Mints. See Sharp v. Baltimore City Police Dep't, No. CIV. CCB-11-2888, 2013 WL 937903, at *3 (D. Md. Mar. 1, 2013) (quashing subpoena for phone records where the "defendants seem engaged in an attempt to uncover 'dirt' on the plaintiff, rather than truly to investigate the facts relevant to the May 2010 incident.").

## II. The Court Should Enter a Protective Order for Mints' Phone and Text Records.

16. This Court should also enter a protective order for Mints' phone and text records, prohibiting Respondents from seeking them in the future. There is good cause to protect Mints' personal records. Phone records and text messages can reveal private information about a person that have no connection to the Underlying Action. Text messages, for example, frequently contain deeply intimate conversations with family members, friends, and others. Moreover, call records can be used to discover private, personal matters such as Mints' health care providers, political affiliations, businesses she visits, medical appointments she made, places of worship, etc.[5] None of this information has any relevance to the Underlying Action, yet all of it would be disclosed to Respondents if the Subpoena is not quashed and a protective order is not entered.

---

[5] This is especially true here where the Respondents are police officers with enhanced abilities to track information about other people.

## Conclusion

WHEREFORE, for all of the foregoing reasons, Mints respectfully requests that the Court quash the Subpoena and prevent Verizon Wireless from disclosing her personal cell phone and text records.

Undersigned counsel further submits this motion pursuant to Fed. R. Civ. P. 45(f) as, although counsel is not a member of the District of Columbia bar, he has been admitted to practice in federal courts in the State of Maryland, and the subject subpoena in the Underlying Action was filed in the United States District Court for the District of Maryland. This motion has been filed in the United States District Court for the District of Columbia as, per the subpoena, the District of Columbia is the district where compliance is required. *See* Fed. R. Civ. P. 45(d)(3).

Dated: June 6, 2019

Respectfully submitted,

*/s/ Patrick J. McAndrew*

Patrick J. McAndrew, Esq. [Bar No. 13434 (MD)]
Law Offices of Patrick J. McAndrew, LLC
6305 Ivy Lane
Suite 408
Greenbelt, MD 20770
Tel.: (301) 220-3111
Fax: (301) 220-3843
pmcandrew@mzmlaw.net

Member of the bar of the State of Maryland, and of the District Court for the District of Maryland.

## CERTIFICATION OF NO DISCIPLINARY ACTION

I HEREBY CERTIFY that I have never been disciplined by any bar association of any State, district, or other governing entity.

_____
Patrick J. McAndrew

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of June 2019, a copy of the foregoing non-party Mistinette Mints' Motion to Quash Subpoena and Motion for Protective Order for Personal Phone and Text Records was served via First Class Mail, postage pre-paid on:

Dennis A Corkery
Washington Lawyers Cmte for Civil Rights and Urban Affairs
11 Dupont Cir NW Ste. 400
Washington, DC 20036
Tel: (202) 319-1000
Fax: (202) 319-1010
dennis_corkery@washlaw.org

Deborah A Jeon
American Civil Liberties Union of Maryland Foundation
3600 Clipper Mill Rd Ste. 350
Baltimore, MD 21211
Tel: (410) 889-8555
Fax: (410) 366-7838
jeon@aclu-md.org

John Arak Freedman
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue NW
Washington, DC 20001
Tel: (202) 942-5316
Fax: (202) 942-5999
John.Freedman@arnoldporter.com

_____
Patrick J. McAndrew

